# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE ELLIOT WILLIAMS, | Case No. 1:15-cv-00612-AWI-SKO (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| J. KATAVICH, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

### Screening Order

**I.      Screening Requirement and Standard**

Plaintiff Lance Elliot Williams ("Plaintiff"), a state prisoner proceeding pro se, filed this civil action in Kern County Superior Court on October 23, 2014.  Plaintiff seeks relief, in relevant part, for the violation of his federal constitutional rights, which are redressable under 42 U.S.C. § 1983.  Defendants Katavich and Kirkman ("Defendants") filed a notice of removal on April 16, 2015. 28 U.S.C. § 1441(a).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

1    A complaint must contain "a short and plain statement of the claim showing that the

2  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

3  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4  conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937

5  (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and

6  courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572

7  F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual

8  allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

9    Under section 1983, Plaintiff must demonstrate that each defendant participated in the

10  deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the

11  presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at

12  678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro

13  se in civil rights actions are entitled to have their pleadings liberally construed and to have any

14  doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations

15  omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the

16  plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

17  **II.**    **Discussion**

18      **A.**    **Summary of Complaint**

19    Plaintiff, who is currently incarcerated at California Medical Facility in Vacaville,

20  California, is seeking damages from Warden John Katavich, Correctional Officer K. Kirkman, a

21  Doe Sergeant (Doe 2), and a Doe Captain (Doe 3) for violating his rights at Wasco State Prison

22  ("WSP").  Plaintiff alleges that on April 4, 2014, he was received at WSP Reception Center.

23  Defendant Kirkman entered the office where Plaintiff was answering a nurse's questions regarding

24  his medications and medical issues.  Plaintiff had his eyeglasses on his head, and Defendant

25  Kirkman told him he could not have the eyeglasses and he would need to either get rid of them or

26  send them home.

27    When Plaintiff exited the nurse's office, Defendant Kirkman was waiting for him and she

28  told him to give her the glasses.  Plaintiff said the glasses were his, they were paid for by his

family, and he had a prescription for them.  Plaintiff also told Defendant Kirkman that he had an appeal and a lot of other paperwork he needed his glasses to read, he uses special eye drops because his eyes are so bad, and he gets headaches from eye strain.  Defendant Kirkman told him that he could give them to her and send them home or be written up for disobeying staff.  Plaintiff gave Defendant Kirkman the glasses and when he asked about sending them home, she responded, "Later."  (Doc. 1, Comp., 10:11.)  Plaintiff repeatedly tried to ask Defendant Kirkman and other staff about sending his glasses home but they ignored him.  Plaintiff was then assigned to D yard for housing.

Plaintiff alleges that he has a hard time reading and seeing, and he is in pain from eye strain and migraine headaches.  Plaintiff alleges that the "intentional los[s] and or theft and or destruction" of his eyeglasses occurred "during an established state procedure [for] receiving inmates."  (*Id.*, 11:1-3.)  Plaintiff has been unable to pursue a clerical job because of his pain, eye strain, and inability to read, and he has been forced to pursue physical labor jobs that cause him severe pain due to lower back injuries.  Plaintiff also alleges that the confiscation of his eyeglasses left him unable to challenge his conviction or his level III prison classification, both of which were "unjust."  (*Id.*, 11:16-17.)  Plaintiff's family is unable to afford to buy him another pair of eyeglasses and he has no other means to buy them.

Plaintiff alleges that Defendant Kirkman stole, lost, or destroyed his eyeglasses, and she acted negligently and maliciously.  Plaintiff also alleges that Defendant Doe 2 failed to supervise Defendant Kirkman and provide better training; Defendant Doe 3 failed to better train Doe 2; and Defendant Katavich should have better screened Defendants Kirkman, Doe 2, and Doe 3 before allowing them to work in the prison he oversees.  Plaintiff alleges that these events violated his rights under the Eighth and Fourteenth Amendment of the United States Constitution.

///

///

///

///

1    **B.**    <u>**Claims Against Defendant Kirkman**</u>[1]

2          **1.**    <u>**Section 1983 Claims Must be Premised on Federal Violation**</u>

3         Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

4    other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d

5    1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006);

6    *Jones*, 297 F.3d at 934. "Section 1983 is not itself a source of substantive rights, but merely

7    provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel.*

8    *Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386,

9    393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff

10   must allege facts demonstrating the existence of a link, or causal connection, between each

11   defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't*

12   *of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-

13   08 (9th Cir. 2011).

14        Plaintiff's allegations are suggestive of potential federal claims arising from (1) the

15   deprivation of his personal property without due process, (2) the violation of his right to adequate

16   medical treatment with respect to a need for prescription eyeglasses, and/or (3) the interference

17   with his ability to challenge his conviction. For the reasons set forth below, Plaintiff's allegations

18   do not suffice to support constitutional claims under any of those theories.

19         **2.**    <u>**Property Deprivation**</u>

20        The Due Process Clause of the Fourteenth Amendment of the United States Constitution

21   protects prisoners from being deprived of property without due process of law, *Wolff v.*

22   *McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974 (1974), and prisoners have a protected interest

23   in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, the Due

24   Process Clause is not violated by the random, unauthorized deprivation of property so long as the

25   state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533, 104

26    

27   [1] At this juncture, the Court expresses no opinion on the potential merits of any claims under California law. In the absence of a viable federal claim, the Court will not exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Az., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable*

28   *Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). If Plaintiff is unable to amend to state a claim under section 1983, his federal claims will be dismissed and this action will be remanded to Kern County Superior Court.

1  S.Ct. 3194 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).  Plaintiff has an

2  adequate post-deprivation remedy under California law and therefore, he may not pursue a due

3  process claim arising out of the negligent or intentional loss or theft of his personal property by

4  Defendant Kirkman.  *Barnett*, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

5        Although Plaintiff alleges that the deprivation was state-authorized, his allegation amounts

6  to no more than a mere legal conclusion.  The Due Process Clause is violated only when the

7  agency "prescribes and enforces forfeitures of property without underlying statutory authority and

8  competent procedural protections," and the events described by Plaintiff evidence an unauthorized

9  deprivation of property by a state employee, which does not give rise to a federal claim.  *Nevada*

10 *Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345

11 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

12              **3.    Denial of Medically Necessary Eyeglasses**

13       The Eighth Amendment of the United States Constitution entitles Plaintiff to adequate

14 medical care, but the Eighth Amendment is violated only when a prison official acts with

15 deliberate indifference to an inmate's serious medical needs.  *Snow v. McDaniel*, 681 F.3d 978,

16 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-

17 83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439

18 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by

19 demonstrating that failure to treat [his] condition could result in further significant injury or the

20 unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was

21 deliberately indifferent."  *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).  Deliberate

22 indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible

23 medical need, and (b) harm caused by the indifference."  *Wilhelm*, 680 F.3d at 1122 (citing *Jett*,

24 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails

25 more than ordinary lack of due care.  *Snow*, 681 F.3d at 985 (citation and quotation marks

26 omitted); *Wilhelm*, 680 F.3d at 1122.

27       Plaintiff's allegations do not support a claim that he had a serious medical need of which

28 Defendant Kirkman knew and disregarded.  Defendant Kirkman told Plaintiff he could not have

1   his eyeglasses in the presence of a nurse, and there is no indication that medical staff at WSP –

2   then or later – determined Plaintiff had a medical need for eyeglasses but nonetheless failed to

3   provide them.   The allegation that Defendant Kirkman confiscated Plaintiff's eyeglasses falls

4   short of stating a viable claim for violation of the Eighth Amendment.

5               **4.       Denial of Access to the Courts**

6        Finally, Plaintiff states that his ability to challenge his unjust conviction was hindered by

7   the confiscation of his eyeglasses.   Inmates have a fundamental constitutional right of access to the

8   courts.  *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Silva v. Di Vittorio*, 658 F.3d

9   1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).   However, to state

10  a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires

11  "actual prejudice to contemplated or existing litigation."  *Greene*, 648 F.3d at 1018 (citing *Lewis*,

12  518 U.S. at 348) (internal quotation marks omitted); *Christopher v. Harbury,* 536 U.S. 403, 415,

13  122 S.Ct. 2179 (2002); *Lewis*, 518 U.S. at 351; *Phillips*, 588 F.3d at 655.   Plaintiff's complaint is

14  devoid of any indication that he suffered an actual injury with respect to a challenge to his

15  criminal conviction and in the absence of any "actual injury," no federal claims lies.

16              **C.       Claim Against Defendants Katavich, Doe 2, and Doe 3**

17       Plaintiff's claim against Defendants Katavich, Doe 2, and Doe 3 is premised on their

18  failure to properly train and supervise subordinate staff.   Section 1983 requires Plaintiff to link the

19  named defendants to the participation in the violation at issue.   *Iqbal*, 556 U.S. at 676-77;

20  *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of*

21  *Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934.   Liability may not be

22  imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 556 U.S. at

23  676-77; *Simmons*, 609 F.3d at 1020-21; *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934, and a

24  supervisor or administrator may only be held liable "if (1) he or she is personally involved in the

25  constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's

26  wrongful conduct and the constitutional violation."  *Crowley v. Bannister*, 734 F.3d 967, 977 (9th

27  Cir. 2013) (internal quotation marks and citation omitted).

28

1   Plaintiff's allegations do not give rise to a cognizable claim for relief against Defendant

2   Kirkman, a deficiency that fatally undercuts the basis for a claim against supervising staff.

3   Notwithstanding that deficiency, a conclusory assertion that Defendants Katavich, Doe 2, and Doe

4   3 failed to properly train and supervise staff will not support a cognizable claim for relief under

5   section 1983.  *Crowley*, 734 F.3d at 977; *Lemire*, 726 F.3d at 1074-75.

6   **III.    Conclusion and Order**

7   Plaintiff's complaint fails to state a claim upon which relief may be granted under section

8   1983.  In an abundance of caution, the Court will grant Plaintiff one opportunity to amend.  *Akhtar*

9   *v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

10   2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the

11   nature of this suit by adding new, unrelated claims in his amended complaint, *George v. Smith*,

12   507 F.3d 605, 607 (7th Cir. 2007), and Plaintiff is cautioned that an amended complaint

13   supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir.

14   2012) (en banc), and it must be "complete in itself without reference to the prior or superceded

15   pleading," Local Rule 220.

16   Accordingly, it is HEREBY ORDERED that:

17   1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

18   under section 1983;

19   2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

20   3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

21   amended complaint; and

22   4.   If Plaintiff fails to file an amended complaint in compliance with this order, his

23   federal claims will be dismissed, with prejudice, for failure to state a claim under

24   section 1983, and this action will be remanded to Kern County Superior Court.

25

26   IT IS SO ORDERED.

27   Dated:   **December 30, 2015**                          **/s/ Sheila K. Oberto**
                                                     UNITED STATES MAGISTRATE JUDGE

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28