# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE ELLIOT WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. KATAVICH, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00612-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE AND REMAND TO KERN COUNTY SUPERIOR COURT**<br><br>**(Docs. 13, 14, 16)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Lance Elliot Williams, a state prisoner proceeding *pro se*, filed this civil action in Kern County Superior Court on October 23, 2014. In the Complaint, Plaintiff seeks relief for incidents that occurred relating to his personal glasses when he arrived at Wasco State Prison. Defendants Katavich and Kirkman ("Defendants") removed the action to this court under 28 U.S.C. § 1441(a) on April 16, 2015. (*See* Docs. 1, 2.)

On December 31, 2015, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a) and found that it did not state any cognizable claims under 42 U.S.C. § 1983. (Doc. 13.) The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Thus, Plaintiff was given the opportunity to file an amended complaint and was informed that if he failed to do so, this action would be remanded to Kern County Superior Court. (Doc. 13.)

On January 12, 2016, Plaintiff filed a notice that he did not intend to file an amended complaint and requested that this action be remanded to state court. (Doc. 14.) Defendants subsequently filed a statement of non-opposition to remand of this action to state court. (Doc. 16.)

A district court may remand to state court a case that has been removed to the district court if at any time it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Where a motion for remand is not made within 30 days of removal of the case to the district court, the court must remand the case to state court *sua sponte* if federal subject matter jurisdiction is lacking. *Id.* A federal court must determine its own jurisdiction even if the parties fail to raise the issue. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 230-31, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990).

Federal courts are to construe removal statutes strictly to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). Removal is generally proper only when the district courts have original jurisdiction over the action. *See* 28 U.S.C. § 1441; *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir.1996). Jurisdiction must be determined from the face of the complaint, *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), and it must be clear from the face of the complaint under the well-pleaded complaint rule that federal subject matter jurisdiction exists. *Oklahoma Tax Comm'n. v. Graham,* 489 U.S. 838, 840-41, 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989) (per curiam). Since the Complaint does not state any claims that are cognizable under section 1938, this Court lacks jurisdiction over the action.

Here, remand is proper since Plaintiff indicates he does not wish to attempt to cure the defects in his pleading and prefers that the action be remanded to state court. Plaintiff "is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir.2000).

Defendants removed this action to this Court. Their statement of non-opposition, however, justifies a remand because they bear the burden of establishing removal jurisdiction.

*Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim under 42 U.S.C. § 1983 and that it be remanded to Kern County Superior Court.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 4, 2016**                                    **/s/ Sheila K. Oberto**
                                                                                    UNITED STATES MAGISTRATE JUDGE